IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Barney Bernard Wilson,              )<br>                                                         )<br>                 Plaintiff,            )<br>                                                         )     C/A No.: 0:15-cv-02105-TLW<br>vs.                                                  )<br>                                                         )<br>Andrews Police Department and Georgetown )<br>County Detention Center,             )<br>                                                         )<br>                 Defendants.         )<br>_____ ) | |

**ORDER**

Plaintiff Barney Bernard Wilson, proceeding pro se and in forma pauperis, filed this action on May 22, 2015, alleging violation of his constitutional rights pursuant to 42 U.S.C. § 1983. (ECF No. 1). This matter now comes before this Court for review of the Report and Recommendation ("the Report") filed on May 29, 2015, by Magistrate Judge Paige J. Gossett (ECF No. 9), to whom this case was previously assigned. In the Report, the Magistrate Judge recommends that the Court summarily dismiss Plaintiff's Complaint without prejudice and without issuance and service of process. Plaintiff filed objections to the Report on June 10, 2015. (ECF No. 12). Also before the Court is Plaintiff's Motion to Appoint Counsel. (ECF No. 11).

The Court has reviewed the Report and the objections. In conducting this review, the Court applies the following standard:

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections.... The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a de novo determination of those portions of the report or specified findings or recommendation as to which an objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate

1

judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

Wallace v. Housing Auth. of the City of Columbia, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In light of the standard set forth in Wallace, the Court has reviewed, de novo, the Report and the Objections. After careful review of the Report and Objections thereto, the Court hereby **ACCEPTS** the Report. (ECF No. 9). The Plaintiff's Objections (ECF No. 12) are **OVERRULED**.[1] For the reasons stated in the Report, the Plaintiff's Complaint (ECF No. 1) is **DISMISSED** without prejudice and without issuance and service of process.

The Court has also reviewed the Plaintiff's motion for appointment of counsel. Title 42 U.S.C. § 2000e–5(f) states that the court may appoint counsel "in such circumstances as the court may deem just." See Tyson v. Pitt Cnty. Gov't, 919 F. Supp. 205, 206 (E.D.N.C. 1996). After a careful review of the record, and based on the complaint's failure to state sufficient factual allegations, the Court finds that the motion for appointment of counsel should be **DENIED**.

**IT IS SO ORDERED**.

s/Terry L. Wooten
June 25, 2015                                    Chief United States District Judge
Columbia, South Carolina

---

[1] To the extent the Objections seek an extension of time to file an amended complaint, the Court finds that amendment would be futile. See Franks v. Ross, 313 F.3d 184, 193, 198 n.15 (4th Cir. 2002) (noting that a motion to amend under Rule 15 of the Federal Rules of Civil Procedure should be denied when the amendment would be futile). As the Magistrate Judge notes, the Complaint contains insufficient factual allegations to establish that his prison transfer violated his constitutional rights. (ECF No. 9 at 5). See Meachum v. Fano, 427 U.S. 215, 225 (1976) (holding that the Due Process Clause does not "in and of itself protect a duly convicted prisoner against transfer from one institution to another within the state prison system."). Plaintiff has made no showing that, if given the opportunity to amend, he can remedy these deficiencies.